**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DRAPER FRANK WOODYARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 26-00097-TFM-N |
| | ) | |
| BALDWIN COUNTY Guards, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**
**AND**
**ORDER TO FILE AMENDED COMPLAINT ON COURT FORM**
**AND FILE A MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff Draper Frank Woodyard, currently a pretrial detainee confined at the Mobile County Metro Jail, filed a complaint seeking relief under 42 U.S.C. § 1983 while confined at the Baldwin County Corrections Center ("the Jail" or "the Baldwin County Jail"). (Doc. 1). He seeks relief from the Jail, Baldwin County Guards, an Unknown Officer believed to be Officer Holcomb, Sheriff Anthony Lowery, Captain Graves, and an Unknown Female Guard. (*Id*.). Woodyard also filed a Motion for Injunctive Relief and Preliminary Injunction to stop "retaliatory" conduct on him at the Jail by Baldwin County deputies and officers that he has sued. (Doc. 2). This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R) and is before the Court on review.

Turning to Woodyard's Motion for Injunctive Relief. (Doc. 2). To the extent Woodyard requested a temporary restraining order, his request was denied on April 9, 2026. (*See* Doc. 5). The undersigned now finds that his request for a preliminary injunction should be DENIED. Because Woodyard is no longer incarcerated at the Baldwin County Jail (*see* doc. 7), there is no longer "a live controversy with respect to which the court can give meaningful relief." *Lewis v.*

*Sheriff, Fulton Cnty. Georgia*, 166 F.4th 107, 115 (11th Cir. 2026) (quoting *Mobley v. Palm Beach Cnty. Sheriff's Dep't*, 783 F.3d 1347, 1352 (11th Cir. 2015). Thus, the issues presented in his motion are moot. *Id*. (discussing a prisoner's transfer or release from custody will generally moot a prisoner's claims for injunctive and declaratory relief). And nothing before the Court indicates that Woodyard's claim falls within the exception to mootness – "capable of repetition, yet evading review." *Id*. Accordingly, because Woodyard requested prospective relief related to issues at the Baldwin County Jail, and he has been transferred from the Jail and has failed to show that there is a reasonable expectation that he would return to the Jail, his request for a preliminary injunction is moot. Therefore, the undersigned **RECOMMENDS** that Woodyard's request for a preliminary injunction be **DENIED**.

Additionally, review of Woodyard's complaint reveals it is not on the form required by this Court for prisoner actions under § 1983 and the exact claims and incident described are difficult to understand. For these reasons, Woodyard is **ORDERED** to file an amended complaint on or before **October 5, 2026**.

Woodyard's amended complaint will supersede and completely replace his original complaint; therefore, the amended complaint shall not reference or seek to incorporate by reference any portion of the original complaint, because the original complaint will be considered abandoned upon the filing of the amended complaint. Woodyard must fully complete all applicable sections of the form complaint and sign the complaint under penalty of perjury. If additional pages are needed to provide all of the information requested in the form complaint, Woodyard must **strictly follow** the format contained in the form complaint when completing the additional pages. Woodyard is cautioned that the amended complaint must only include factual allegations that are directly relevant to the claims he is asserting in this action.

Woodyard should pay particular attention to the instructions in Section III of the complaint form. In that section, Woodyard must:

(1) identify the full name, job title, and place of employment of each person he intends to include as a defendant in this action;

(2) clearly and separately identify each legal claim he is making against that defendant; and

(3) state the facts supporting each claim against that defendant (to the extent more than one claim is asserted against a defendant, Woodyard must make clear which facts pertain to which claims).

(4) remember that only related claims (claims that share the same set of facts) may be included in a single complaint.

If Woodyard cannot list all of the necessary information on the space provided in the form complaint, he may attach additional pages to the form complaint, but in doing so, he must **strictly follow the format contained in Section III of the form complaint for each defendant** and **must** clearly identify each of his legal claims against each defendant and the facts supporting each claim against each defendant.

Additionally, a review of the record reveals that Woodyard has not paid the filing fee for this action or filed a motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"). Plaintiff is **ORDERED** by **October 5, 2026,** to pay $405 in costs and fees or, if he cannot pay this amount, to complete and file this Court's form for a motion to proceed without prepayment of fees. If Plaintiff files an IFP motion, it must include a certified financial statement containing all transactions from Plaintiff's inmate account for the 6-month period immediately preceding the filing of the complaint.

If Plaintiff fails to pay the $405 filing and administrative fees or, in the alternative, fails to file a completed motion to proceed without prepayment of fees on or before **October 5, 2026,** the undersigned Magistrate Judge will recommend that his action be dismissed for failure to prosecute and to comply with the Court's order. Furthermore, the failure to notify the Court

immediately of a change in his address will result in a recommendation that his action be dismissed for failure to prosecute and to comply with the Court's order.

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Plaintiff's request for a preliminary injunction (Doc. 2) be **DENIED.**

Plaintiff is **ORDERED** to file a completed motion to proceed without prepayment of fees on or before **October 5, 2026.**

Plaintiff is **ORDERED** to file an amended complaint (in compliance with the instructions previously discussed) on or before **October 5, 2026**.

The Clerk is **DIRECTED** to send Plaintiff a copy of this Court's form for a prisoner complaint under 42 U.S.C. § 1983 and a copy of his initial complaint (Doc. 1) for his use, as well as a form for a motion to proceed without prepayment of fees. Once the Court received the amended complaint, it will be screened pursuant to 28 U.S.C. § 1915.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this **1st** day of **September, 2026**.

**/s/ KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**